IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No.  06-CR-00363-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GUADALUPE CANO, a/k/a "LUPE",

Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter was before the court for detention hearing on September 12, 2006.  The court has taken judicial notice of the court's file and the pretrial services report.  The court further has considered the proffer made by the defendant.  The court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.  The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

    The Bail Reform Act, 18, U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

    (1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including –

        (A)    the person's character, physical and mental condition, family ties,

      employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (B)  whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

  In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial investigation report and the entire court file. The court further has considered the proffer made by the defendant. Lastly, the court has considered the arguments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

  First, the defendant has been charged in the Indictment in count one with Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Schedule II Controlled Substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), in count 4 with Use of a Communications Facility for Commission of a Drug Trafficking Offense in violation of 21 U.S.C. § 843(b) and in count 7 with a Forfeiture Allegation in violation of 21 U.S.C. § 853. .

  Second, based upon the Indictment, I find that probable cause exists that defendant committed the charged offenses. The rebuttable presumption of detention applies in this case based upon this court finding probable cause as to the above offenses.  Defendant has not produced sufficient evidence to rebut the presumption.

  Third, I find that the nature of the instant offense involves a conspiracy to distribute more than 500 grams of methamphetamine. Defendant has extensive familial ties to Mexico. Defendant has reported frequent trips to Mexico. Defendant last resided in Mexico approximately two years ago. Defendant reports that she does not have legal status in the United States. Defendant has used an alias name of Guadalupe Perez-Bautista and a false date of birth in the past. Defendant has a conviction for False Identification to a Peace Officer. Defendant is currently unemployed. Lastly, defendant's personal history has not be verified.

  Based upon these findings, I conclude, by a preponderance of the evidence that the defendant is a flight risk and that there is no condition or combination of conditions for release that will reasonably assure the appearance of defendant. Accordingly, I order defendant detained without bond.

  Done this 12th of September 2006.

      BY THE COURT

      <u>S/ Michael J. Watanabe</u>
      Michael J. Watanabe
      U.S. Magistrate Judge